**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| BRIAN DIXON, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR** |
| | ) | **VIOLATIONS OF THE** |
| HILL INTERNATIONAL, INC., DAVID SGRO, RAOUF S. GHALI, ARNAUD AJDLER, PAUL J. EVANS, GRANT MCCULLAGH, JAMES RENACCI, and SUSAN STEELE, | ) | **FEDERAL SECURITIES LAWS** |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Brian Dixon ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Hill International, Inc. ("Hill" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by Global Infrastructure Solutions Inc. ("GISI").[1]

2. On August 26, 2022, the Company entered into an Agreement and Plan of

---

[1] The proposed acquisition of the Company described herein is referred to as the "Proposed Transaction."

Merger (the "Merger Agreement") with GISI and Liberty Acquisition Sub Inc. ("Merger Sub"). The Merger Agreement provides that Hill stockholders will receive $3.40 in cash for each share of Company common stock if the Proposed Transaction is consummated.

3. The Company's corporate directors subsequently authorized the September 30, 2022, filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[2]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of

---

[2] The Special Meeting at which stockholders will be asked to approve the Proposed Transaction currently is scheduled for November 2, 2022.

Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## **THE PARTIES**

9. Plaintiff is, and has been at all times relevant hereto, the owner of Hill common stock.

10. Defendant Hill is a Delaware corporation with its principal executive offices located at One Commerce Square, 2005 Market Street, 17th Floor, Philadelphia, Pennsylvania 19103. Hill's shares trade on the New York Stock Exchange under the ticker symbol "HIL." Founded in 1976, Hill provides project and construction management, and other consulting services primarily for buildings, transportation, environmental, energy, and industrial markets. The Company offers program management, project management, construction management, project management oversight, troubled project turnaround, staff augmentation, project labor agreement consulting, commissioning, estimating and cost management, and labor compliance and facilities management services.

11. Defendant David Sgro is and has been Chairman of the Board and a director of the Company at all times relevant hereto.

12.  Defendant Raouf S. Ghali is and has been Chief Executive Officer and a director of the Company at all times relevant hereto.

13.  Defendant Arnaud Ajdler is and has been a director of the Company at all times relevant hereto.

14.  Defendant Paul J. Evans is and has been a director of the Company at all times relevant hereto.

15.  Defendant Grant McCullagh is and has been a director of the Company at all times relevant hereto.

16.  Defendant James Renacci is and has been a director of the Company at all times relevant hereto.

17.  Defendant Susan Steele is and has been a director of the Company at all times relevant hereto.

18.  Defendants identified in paragraphs 11-17 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

19.  On August 16, 2022, Hill announced in relevant part:

PHILADELPHIA and NEW YORK, Aug. 16, 2022 (GLOBE NEWSWIRE) -- Hill International, Inc. (NYSE:HIL) ("Hill" or the "Company"), delivering the infrastructure of change, announced today it has entered into a definitive merger agreement with Global Infrastructure Solutions Inc. (GISI), the largest privately owned construction manager in the commercial building, industrial and healthcare markets, and a leading project/construction manager in the environmental and public infrastructure sectors.

Under the terms of the merger agreement, GISI will commence an all-cash tender offer to acquire 100% of the issued and outstanding shares of Hill for $2.85 in cash per share, representing a premium of 62.8% to Hill's closing share

price on August 16, 2022. Following the successful completion of the tender offer, GISI will acquire all remaining shares not tendered in the tender offer through a second-step merger at the same price, making Hill a privately held company under the GISI banner. The transaction values Hill International share capital at $173 million.

Hill International CEO Raouf Ghali said of the decision to join GISI: "Since our founding in 1976, Hill has grown into an industry-leading program, project, and construction management company. By joining the GISI family of companies, Hill will be well-positioned to continue to take advantage of the opportunities the industry offers while concurrently enhancing the quality of our client services thanks to GISI's focus on long-term success."

"We are confident this decision aligns with Hill's mission and brings value to our clients, our professionals, and our investors," Ghali added. "And I would personally like to thank our Board of Directors for their confidence and support in our management team during my tenure as CEO of our company."

GISI President and Chief Executive Officer Rick Newman stated: "Hill International has been a leader in the program, project, and construction management space for nearly 50 years, delivering infrastructure projects from New York City to Abu Dhabi and everywhere in between. Their uniqueness as a for-fee-only management firm, combined with their technical and managerial expertise, makes the company a welcome addition to the GISI family. We're excited to bring aboard Raouf and the entire Hill team."

The transaction was unanimously approved by Hill's Board of Directors.

The transaction is expected to close in the fourth quarter of 2022, subject to satisfaction of certain conditions, including the tender of shares representing at least a majority of the total number of Hill's outstanding shares, receipt of required antitrust clearance, and other customary conditions. Engine Capital, which holds approximately 10% of the common shares outstanding, has agreed to tender their shares in the offering. Closing of the transaction is not subject to a financing condition. The merger agreement contemplates that the parties may elect to effectuate the transaction as a one-step merger, in which case Hill would seek stockholder approval of the transaction, instead of as a tender offer followed by a second-step merger. Upon completion of the transaction, Hill's shares will no longer trade on the New York Stock Exchange.

Hill was assisted on the transaction by financial advisor Houlihan Lokey and legal advisor Duane Morris LLP. GISI was assisted on the transaction by financial advisor UBS Investment Bank and legal advisor Cooley LLP.

20. On August 27, 2022, following the receipt of an unsolicited proposal, Hill announced that GISI and Hill had agreed to revise the terms of the Proposed Transaction, stating, in relevant part:

> LOS ANGELES and PHILADELPHIA, Aug. 27, 2022 (GLOBE NEWSWIRE) -- Global Infrastructure Solutions Inc. (GISI) and Hill International, Inc. (NYSE:HIL) today announced that their boards of directors have approved enhancements to their definitive agreement of August 16, 2022, wherein they agreed to merge the diversified construction management companies, setting the stage for increased competitiveness and accelerated organic growth in global, for-fee infrastructure consulting markets. Following the receipt of an unsolicited proposal from a third party, Hill and GISI negotiated an amended and restated Merger Agreement under the terms of which the per share price is US$3.40, the transaction remains all-cash, and there is no financing contingency. Further, the transaction structure has been changed to a merger requiring the approval of Hill's stockholders (rather than a tender offer to Hill stockholders). The transaction is expected to close in the fourth quarter of 2022, pending stockholder approval and regulatory review. The parties have also agreed to work together, if requested to do so by Hill, in order to provide Hill interim capital to allow Hill to take advantage of ongoing organic growth opportunities prior to closing.

**The Materially Incomplete and Misleading Proxy Statement**

21. The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on September 30, 2022. The Proxy Statement, which recommends that Hill stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the Company's financial forecasts and the financial analyses that support the fairness opinion provided by the Company's financial advisor Houlihan Lokey Capital, Inc. ("Houlihan Lokey"); and (b) potential conflicts of interest faced by Houlihan Lokey.

*Material Misrepresentations and/or Omissions Concerning the Company's Financial Forecasts and Houlihan Lokey's Financial Analysis*

22. The Proxy Statement fails to disclose material information concerning the Company's financial forecasts, including Hill's projected unlevered, after-tax free cash flows utilized by Houlihan Lokey in its *Discounted Cash Flow Analysis* ("*DCFA*").

23. The Proxy Statement further fails to disclose the line items underlying the Company's forecasts for the calculation of both unlevered free cash flows and Adjusted EBITDA.

24. The Proxy Statement also fails to disclose material information concerning Houlihan Lokey's financial analysis.

25. With respect to the *DCFA* performed by Houlihan Lokey, the Proxy Statement fails to disclose the Company's terminal values utilized by Houlihan Lokey, in addition to Hill's cash, debt, and the estimated present value of receivables from a client in Libya.

26. With respect to *the Selected Companies Analysis* performed by Houlihan Lokey, the Proxy Statement fails to disclose the individual multiples and financial metrics for each of the selected companies analyzed by the financial advisor.

27. With respect to the *Selected Companies* and *Selected Transactions Analyses* performed by Houlihan Lokey, the Proxy Statement fails to disclose the individual multiples and financial metrics for each of the selected companies and transactions analyzed by the financial advisor, Lokey, respectively, as well as the amount of cash, debt and the estimated present value of receivables from a client in Libya utilized in the analysis.

*Material Misrepresentations and/or Omissions Concerning the Background of the Proposed Transaction*

28. The Proxy Statement fails to disclose material information concerning the background of the Proposed Transaction, including terms of the confidentiality agreements into which the Company during the process leading to the Proposed Transaction, including any such agreements included a "don't-ask, don't-waive" standstill provision that is still in effect and presently precluding any party from submitting a topping bid for the Company.

*Material Misrepresentations and/or Omissions Concerning Company Houlihan Lokey's and Company Insiders' Potential Conflicts of Interest*

29. The Proxy Statement fails to disclose material information concerning potential conflicts of interest faced by the Company's financial advisor, including the details of the services Houlihan Lokey and its affiliates have provided or are currently providing to GISI and how much compensation it has received for providing such services. The Proxy Statement similarly fails to disclose the details of any services it has provided to Hill in the two years prior to its fairness opinion, and any fees received.

30. The Proxy Statement also fails to disclose material information concerning potential conflicts of interest faced by Company insiders, including whether any of GISI's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

31. The omission of the above-referenced information renders statements in the "Unaudited Prospective Financial Information of the Company," "Opinion of the Financial Advisor to the Company," "Background of the Merger" and "Interests of the Company's

Directors and Executive Officers in the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

32. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Hill**

33. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

34. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Hill is liable as the issuer of these statements.

35. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

36. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

37. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

38. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

39. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

40. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

41. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

42. The Individual Defendants acted as controlling persons of Hill within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Hill and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

43. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

44. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

45. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

46. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons

acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

   B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

   C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

   D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

   E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: October 19, 2022   **LONG LAW, LLC**

   By: */s/ Brian D. Long*
     Brian D. Long (#4347)
     3828 Kennett Pike, Suite 208
     Wilmington, DE 19807
     Telephone: (302) 729-9100
     Email: BDLong@LongLawDE.com

     *Attorneys for Plaintiff*